*E-FILED - 6/24/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON WILBERT JOHNSON, <br><br>   Plaintiff, <br><br> vs. <br><br> LLOYD THOMPSON, et al., <br><br>   Defendants. | No. C 10-2373 RMW (PR) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS <br><br> (Docket No. 12) |

Plaintiff, a California state prisoner, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison. Defendants have moved to dismiss plaintiff's complaint for failure to exhaust administrative remedies. Although given an opportunity, plaintiff has not filed an opposition. Having carefully considered the papers submitted, the court hereby GRANTS defendants' motion to dismiss.

**DISCUSSION**

A.   Legal Standard

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is an affirmative defense; that is, defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding

a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.[1]  Id. at 1119-20.  If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice.  Id. at 1120.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("Director").  See Barry v. Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a).  See id. at 1237-38.

Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Jones v. Bock, 549 U.S. 199, 215-17 (2007).  As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process.  Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

B.   Analysis

In his complaint, plaintiff claimed that, on October 30, 2008, defendants failed to protect him from known harm.  Specifically, plaintiff alleged that defendants knew there had been racial riots between black and white inmates, and plaintiff was black.  That day, defendants asked

---

[1] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record.  Wyatt, 315 F.3d at 1120 n.14. Plaintiff was given such notice in the August 2, 2010 order in this matter.

Order Granting Defendants' Motion to Dismiss
P:\PRO-SE\SJ.Rmw\CR.10\Johnson373mtdexh.wpd    2

1  plaintiff to assist another inmate in a particular section of the library, and in that area was a white
2  inmate.  While plaintiff was helping the other inmate, a riot broke outside in the yard, and
3  plaintiff was forced to defend himself against the white inmate.
4         The prison records show, and plaintiff concedes, that he never filed an appeal to the
5  Director's level of review regarding his allegation of a failure to protect.  (Decl. Foston at ¶ 8,
6  Ex. A; Complaint at 2.)  However, he was transferred out of Pelican Bay before he could finish
7  exhausting his administrative remedies.  (Complaint at 5.)  By the time he returned, he learned
8  that on January 29, 2009, his appeal was incomplete.  (Decl. Jourden, Ex. B.)  After that, by the
9  time he re-filed his appeal, on February 10, 2009, it was screened out as untimely.  (Complaint at
10 5; Decl. Jourden, Ex. B.)
11        The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or
12 otherwise procedurally defective administrative grievance or appeal."  Woodford v. Ngo, 548
13 U.S. 81, 84 (2006).  "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the
14 term 'exhausted' to mean what the term means in administrative law, where exhaustion means
15 proper exhaustion."  Id. at 92.  Therefore, the PLRA exhaustion requirement requires proper
16 exhaustion.  Id.  "Proper exhaustion demands compliance with an agency's deadlines and other
17 critical procedural rules because no adjudicative system can function effectively without
18 imposing some orderly structure on the course of its proceedings."  Id. at 90-91 (footnote
19 omitted).  Accordingly, because plaintiff did not comply withe Pelican Bay State Prison's
20 procedural rules, his appeal was screened out, and he failed to exhaust his administrative
21 remedies.
22         The court notes that plaintiff has not asserted that he is subject to any exception to
23 exhaustion.  See, e.g., Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010) (recognizing that
24 there are exceptions to exhaustion, such as, when prison officials improperly screen out an
25 inmate's appeals so that the inmate cannot properly complete the grievance process,
26 administrative remedies are unavailable); Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir.
27 2009) (remanding for district court to consider whether plaintiff had the opportunity to file a
28 grievance within 15 days after assault where his injuries and subsequent segregation rendered

1 grievance form inaccessible). However, even assuming that plaintiff is entitled to some
2 exception to exhaustion, defendants have shown that plaintiff never filed an administrative
3 appeal at any level regarding the failure to protect. (Decl. Jourden at ¶¶ 7-8, Ex. A.) Defendants
4 recognize that plaintiff filed two administrative appeals regarding the rules violation report that
5 resulted from the incident on October 30, 2008; however, submitting a grievance regarding the
6 issuance of a rules violation report would not serve to "alert[] the prison to the nature of the
7 wrong for which redress is sought;" that is, it would not put defendants on notice that plaintiff
8 was complaining about a failure to protect. See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir.
9 2009) (no exhaustion where grievance complaining of upper bunk assignment failed to allege, as
10 the complaint had, that nurse had ordered lower bunk but officials disregarded that order).
11 Where, as here, the grievances do not have the same subject and same request for relief,
12 remedies are not exhausted. See, e.g., Morton v. Hall, 599 F.3d 942, 946 (9th Cir.
13 2010)(grievance that complained of visitation restrictions, and did not mention an assault or
14 theorize that the visitation restriction imposed was related to the assault, was insufficient to put
15 prison officials on notice that staff conduct contributed to the assault); O'Guinn v. Lovelock
16 Correctional Center, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (even with liberal construction,
17 grievance requesting a lower bunk due to poor balance resulting from a previous brain injury
18 was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial
19 of mental health treatment in violation of the ADA and Rehabilitation Act).

20 Because plaintiff failed to exhaust his administrative remedies prior to filing suit,
21 defendants' motion to dismiss is GRANTED.

## CONCLUSION

23 Plaintiff's amended complaint is hereby DISMISSED without prejudice for failure to
24 exhaust administrative remedies. The clerk shall terminate any remaining motions and close the
25 file.

26 IT IS SO ORDERED.
27 DATED: __6/24/11_____

*Ronald M. Whyte*

RONALD M. WHYTE
28 United States District Judge